IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOSHIBA AMERICA INFORMATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRUCE BIERMAN, <br><br> Defendants. | No. C-10-4154 MMC <br><br> **ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED** |

      Before the Court is plaintiff Toshiba America Information Systems, Inc.'s ("Toshiba") "Complaint for Declaratory Judgment of No Copyright Infringement," filed September 16 2010.[1]

      In its complaint, Toshiba alleges defendant Bruce Bierman ("Bierman") has claimed that he is the "creator of software called 'Bookmark'" and that the Bookmark software is copyrighted; further, according to Toshiba, Bierman claims he is the owner of the copyright, that he sent a copy of the Bookmark software to Toshiba, and that Toshiba has incorporated the Bookmark software into its products without having a license to do so. (See Compl. ¶¶ 8-11.) Toshiba also alleges that Bierman has filed a complaint against Toshiba, in which Bierman has "assert[ed] various state law claims." (See Compl. ¶ 12.)

---

[1] On September 21, 2010, the above-titled action was reassigned to the undersigned.

1  According to Toshiba, it "has not violated any copyrights owned by Bierman" and it is
2  "entitled to offer its products without interference by Bierman."  (See Compl. ¶ 14.)  In the
3  instant action for declaratory relief, Toshiba seeks an order declaring that Toshiba "has not
4  infringed and is not currently infringing any copyright owned by Bierman."  (See Compl.,
5  Demand for Judgment, ¶ A.)

6  Bierman's complaint, which is attached to Toshiba's complaint as an exhibit, was
7  filed in state court on July 30, 2010, and was removed to federal district court by Toshiba
8  on September 17, 2010.  See Bierman v. Toshiba Corp., C 10-4203 MMC.[2]  As Toshiba's
9  complaint acknowledges, Bierman's complaint consists entirely of state law claims.  (See
10 Compl. ¶ 12, Ex. A.)  Berman's complaint does not allege that Bierman owns a copyright in
11 Bookmark, but, rather, alleges that Intellisoft International, Inc., a company "solely owned"
12 by Bierman, owns a copyright in Bookmark.  (See Compl. Ex. A ¶¶ 17, 24.)

13 "When the complaint in an action for declaratory judgment seeks in essence to
14 assert a defense to an impending or threatened state court action, it is the character of the
15 threatened action . . . which will determine whether there is federal-question jurisdiction in
16 the District Court."  Public Service Comm'n v. Wycoff, 344 U.S. 237, 248 (1952).  Here, the
17 "impending or threatened state court action" has actually been filed, and Toshiba does not
18 allege that Bierman has threatened to separately sue Toshiba for copyright infringement
19 and/or to amend his existing complaint against Toshiba to include a claim of copyright
20 infringement.  Cf. Levin Metals Corp. v. Parr-Richmond Terminal Co., 799 F.2d 1312, 1314-
21 15 (9th Cir. 1986) (holding where purchaser of land filed state court complaint against
22 seller, alleging therein only state law claims, but had also "threatened" to file CERCLA
23 claim against seller, district court had jurisdiction over seller's action for declaration it was
24 not liable to seller under CERCLA).  Consequently, it would appear that the scope of the
25 controversy between Bierman and Toshiba is framed by Bierman's complaint.
26 //
27
28  [2]Bierman v. Toshiba Corp., C 10-4203 MMC, is pending before this Court as a related action.

As set forth in the Court's Order Directing [Toshiba] To Show Cause Why Action Should Not Be Remanded, filed concurrently herewith in <u>Bierman v. Toshiba Corp.</u>, C 10-4203 MMC, it does not appear that Bierman's complaint includes any claim arising under federal law.  Consequently, it would further appear that the Court does not have subject matter jurisdiction over the instant action filed by Toshiba.  <u>See</u> <u>Wycoff</u>, 344 U.S. at 248.

Accordingly, Toshiba is hereby DIRECTED TO SHOW CAUSE, in writing and no later than October 19, 2010, why the above–titled action should not be dismissed for lack of subject matter jurisdiction.  Any response by Bierman shall be filed no later than October 28, 2010.

**IT IS SO ORDERED.**

Dated:  October 4, 2010

MAXINE M. CHESNEY
United States District Judge