IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOSHIBA AMERICA INFORMATION SYSTEMS, INC., <br><br> Plaintiff, <br> v. <br> BRUCE BIERMAN, <br><br> Defendant. <br> ———————————————————/ | No. C-10-4154 MMC <br><br> **ORDER DISMISSING COMPLAINT** |

By order filed October 4, 2010, the Court directed plaintiff Toshiba America Information Systems, Inc. ("Toshiba") to show cause why its Complaint for Declaratory Judgment of No Copyright Infringement should not be dismissed for lack of jurisdiction. Before the Court is Toshiba's response, filed October 19, 2010; defendant Bruce Bierman ("Bierman") has not filed a reply thereto. Having read and considered the response, the Court rules as follows.

In its complaint for declaratory judgment, Toshiba alleges Bierman filed in state court a complaint in which Bierman asserted he owned a copyright in "Bookmark software" and that Toshiba had violated Bierman's rights in that copyrighted software. (See Compl. ¶¶ 9-12.) Toshiba also alleges that it has "not violated any copyrights owned by Bierman" (see Compl. ¶ 13), and requests a declaration that it "has not infringed and is not currently infringing any copyright owned by Bierman" (see Compl., Demand for Judgment, ¶ A).

As noted in the Court's order of October 4, 2010, Bierman does not allege in his complaint that he owns a copyright in the Bookmark software and solely alleges claims that arise under state law.[1]  In its response to the Court's order to show cause, Toshiba argues that irrespective of whether Bierman alleges he owns a copyright in the Bookmark software, some of Bierman's state law claims are preempted by the Copyright Act, and, consequently, a federal question is presented by Bierman's complaint in light of the "complete preemption doctrine."  See Briarpatch Limited, L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2nd Cir. 2004) (holding district court has exclusive jurisdiction over "state law claims preempted by the Copyright Act").[2]

One day after it filed the instant complaint for declaratory judgment, Toshiba removed to this district Bierman's state court complaint, which complaint was subsequently assigned to the undersigned.  See Bierman v. Toshiba Corp., C 10-4203 MMC.  By order filed concurrently herewith, the Court has (1) found Bierman's complaint includes claims preempted by the Copyright Act, (2) dismissed those preempted claims with prejudice, and (3) remanded to state court the remaining state law claims.  In light of the inclusion of such preempted claims in Bierman's complaint, the instant complaint for declaratory judgment, at the time it was filed, presented a federal question.  See Public Service Comm'n v. Wycoff, 344 U.S. 237, 248 (1952) (holding "[w]hen the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action . . . which will determine whether there is federal-question jurisdiction in the District Court").  In light of the dismissal of the federal claims in Bierman's complaint, however, the federal question has been resolved, and the remaining controversy between Toshiba and Bierman arises solely under state law.  Stated another way, the sole federal question presented in the instant complaint

---

[1] Bierman's complaint is attached as an exhibit to Toshiba's complaint.

[2] Toshiba alleges that both parties are citizens of California.  (See Compl. ¶¶ 1, 2.)  Consequently, the Court has jurisdiction over Toshiba's complaint only if a federal question is presented.

for declaratory judgment is now moot.[3]

In its complaint for declaratory judgment, Toshiba does not expressly seek declaratory relief with respect to Bierman's remaining state law claims. To the extent such claim for relief may be implicit, the Court's jurisdiction over any such claim is supplemental in nature. See 28 U.S.C. § 1367(a). Where all federal claims have been dismissed, the district court may decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). In this instance, given the early stage of the proceedings, and there appearing no considerations weighing in favor of exercising supplemental jurisdiction, the Court finds it appropriate to decline to exercise whatever supplemental jurisdiction it may have over Toshiba's complaint for declaratory judgment.

Accordingly, the instant complaint is hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: November 12, 2010

MAXINE M. CHESNEY
United States District Judge

---

[3] Toshiba has not asserted, either in its complaint or in its response to the order to show cause, that any controversy exists between Bierman and Toshiba other than the controversy set forth in Bierman's complaint. Cf. Levin Metals Corp. v. Parr-Richmond Terminal Co., 799 F.2d 1312, 1314-15 (9th Cir. 1986) (holding where purchaser of land filed state court complaint against seller, alleging therein only state law claims, but had also "threatened" to file CERCLA claim against seller, district court had jurisdiction over seller's action seeking declaration it was not liable to purchaser under CERCLA). Consequently, the scope of the remaining controversy is circumscribed by the nature of the claims remaining in Bierman's complaint. See Wycoff, 344 U.S. at 248.